# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL FOGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1576 CEJ |
| | ) | |
| J. MARTY ROBINSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Michael Fogle for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis, Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged deliberate indifference to serious medical needs. Named as defendants are J. Marty Robinson (Director, Missouri Public Defender's Office), Michelle Monahan (Assistant Public Defender), Eric Selig (same), Kevin Locke (same), T. Ray Van Dyk (same), Jeff Griffen (same), Steve Lewis (same), Amy Clay (same), Nancy Ferrick (same), and Emmett Queener (same). Plaintiff seeks monetary and injunctive relief.

Plaintiff is a pretrial detainee confined at Missouri Sexual Offender Treatment Center ("MSOTC") pursuant to the Missouri Sexually Violent Predator Act, Mo. Rev. Stat. § 632.480 *et seq.* (the "Act"). Plaintiff is awaiting a trial under the Act to

determine whether he is a sexually violent predator ("SVP").[1] If the court or jury determines that plaintiff is an SVP, then he will " be committed to the custody of the director of the department of mental health for control, care and treatment until such time as [plaintiff's] mental abnormality has so changed that [he] is safe to be at large." Mo. Rev. Stat. § 632.495. The Act does not authorize treatment for persons who have not been adjudicated to be sexually violent predators.

Plaintiff alleges that he has requested SVP treatment so that he may present evidence of the treatment to the jury at trial. Plaintiff claims that the Missouri Department of Mental Health will not allow him to receive SVP treatment unless he provides a letter of permission from his defense counsel. Plaintiff alleges that the named defendants are responsible for his defense and that they will not give him permission to receive SVP treatment. Plaintiff believes that if he receives SVP treatment before his trial he will be able to show that he is less dangerous and his likelihood of success will increase.

---

[1]Under the Act, a sexually violent predator is "any person who suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility and who:

> (a) Has pled guilty or been found guilty, or been found not guilty by reason of mental disease or defect pursuant to section 552.030, RSMo, of a sexually violent offense . . .

Mo. Rev. Stat. § 632.480(5).

## Discussion

Plaintiff's request for treatment as a sexually violent predator, before being adjudicated as such, is premature. The law that plaintiff invokes provides for treatment only after an individual is found to be a sexually violent predator. Consequently, the Court finds that the complaint is legally frivolous and should be dismissed.

Additionally, the complaint fails to state a claim upon which relief can be granted because, for purposes of § 1983, public defenders are not state actors. Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Finally, even if plaintiff has stated a valid claim for unconstitutional deprivation of medical care, defendants are entitled to qualified immunity. "Qualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Maness v. Dist. Court, ___ F.3d ___, 2007 WL 2296432 *2 (8th Cir. 2007) (applying qualified immunity to 28 U.S.C. § 1915(e) dismissal). Persons who have not been adjudicated as being sexually violent predators do not have a clearly established right to SVP treatment such that a reasonable person would be aware of such a right. For each of these reasons, the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 21st day of September, 2007.

_____
UNITED STATES DISTRICT JUDGE